**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATTHEW MCCALLUM,<br><br>　　　　Plaintiff - Appellant,<br><br>　　v.<br><br>BOISE CASCADE LLC, a Delaware corporation,<br><br>　　　　Defendant - Appellee. | No. 08-35877<br><br>D.C. No. 3:06-cv-01834-ST<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted November 4, 2009
Portland, Oregon

Before: KOZINSKI, Chief Judge, FISHER and PAEZ, Circuit Judges.

Matthew McCallum appeals the district court's summary judgment in favor

of the defendant Boise Cascade, LLC (Boise). We have jurisdiction under 28

U.S.C. § 1291, and we affirm the district court in all respects.

1. McCallum's claims under the Americans with Disabilities Act other than

the discriminatory discharge were not administratively exhausted. *See Josephs v.*

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

*Pacific Bell*, 443 F.3d 1050, 1061 (9th Cir. 2005). The charge he filed with the Bureau of Labor and Industries and Equal Employment Opportunity Commission failed to plead the operative facts necessary to support an investigation of his other allegations. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 645 & n.39 (9th Cir. 2003).

2. McCallum raised no genuine issue of material fact as to whether Boise "regarded" him as disabled under 42 U.S.C. § 12102(2)(c) and Or. Rev. Stat. § 659A.100(2)(c). Even assuming he did, he offered no evidence to show that Boise regarded his impairment as long term. *See Sanders v. Arneson Prods., Inc.*, 91 F.3d 1351, 1354 (9th Cir. 1996); *see also* 29 C.F.R. pt. 1630, app. § 1630.2(j).

3. McCallum raised no genuine issue of material fact as to his retaliation claims brought under Or. Rev. Stat. § 654.062 and Oregon common law. Even assuming he established a prima facie case of retaliation for his safety complaints, he failed to rebut the legitimate, nonretaliatory reasons offered by Boise as being pretextual. *See Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1093 (9th Cir. 2001).

**AFFIRMED.**